Citation Nr: 1508820 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 04-43 334 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to special monthly compensation (SMC) at the housebound rate.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Smith, Counsel


INTRODUCTION

The Veteran served on active duty from May 1969 to June 1991.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a February 2004 rating decision issued by the RO. 

In August 2006, the Veteran testified during a Board videoconference hearing before the undersigned Veterans Law Judge at the RO; a transcript of the hearing is of record.

Several prior adjudications by the Board have occurred in this case, including in April 2007, March 2012, July 2013, and July 2014. The claims involved in these prior Board adjudications have been fully resolved and are no longer on appeal. 

In July 2014, the United States Court of Appeals for Veterans Claims (Court) vacated the July 2013 Board decision only to the extent that the Board did not consider the reasonably raised issue of entitlement to Special Monthly Compensation (SMC) based on housebound criteria. The Court remanded the matter back to the Board for development consistent with the parties' Joint Motion for Remand and to Stay Proceedings (Joint Motion). VBMS Entry July 24, 2014.

The Board has considered documentation included in Virtual VA and VBMS.

The issue of entitlement to service connection for prostate cancer has been raised by the record in a December 2014 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). See VBMS Entry December 1, 2014. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In July 2014 the Court vacated a July 2013 Board decision to the extent that the Board did not consider the reasonably raised issue of entitlement to SMC based on housebound criteria. 38 U.S.C. § 1114(s); C.F.R. § 3.350(i).

SMC at the housebound rate is warranted if the veteran has a service-connected disability rated as total, and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran's service-connected disability or disabilities, is permanently housebound. This requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime. 38 U.S.C. § 1114(s); C.F.R. § 3.350(i).

The Veteran in this case does not have a single service-connected disability rated as total. However, he was awarded a total disability rating based on individual unemployability (TDIU) effective January 1, 2007. Beginning on April 23, 2008, he was awarded a 100 percent combined schedular disability rating. Given this award of a total schedular rating, the TDIU rating was amended to be effective from January 1, 2007 to April 23, 2008. See November 2014 Rating Decision, VBMS Entry November 28, 2014.

As emphasized by the Court, 38 U.S.C. § 1114(s) permits that a TDIU based on a single disability can satisfy the statutory requirement of a total rating. Bradley v. Peake, 22 Vet.App. 280, 291-94 (2008). The Bradley Court reasoned that it might therefore benefit the Veteran to obtain or retain a TDIU even where a 100 percent schedular evaluation is already in effect.

Here, the Court found that the record indicates the Veteran may be unemployable due solely to his service-connected lumbosacral condition, thereby implicating entitlement to SMC pursuant to § 1114(s). The Court noted that he clearly has had additional service-connected disabilities ratable at 60 percent or more, independent of his rating for lumbosacral strain. 38 U.S.C. § 1114(s).

The Court noted that the issue of entitlement to SMC based on 38 U.S.C. § 1114(s) has never been adjudicated (aside from the temporary periods based on surgical or other treatment necessitating convalescence). The Court stated that VA's duty to assist may require a medical opinion addressing whether a single service-connected disability serves as the basis of the Veteran's TDIU rating, and alternatively, whether the Veteran is substantially confined to his home or immediate premises due to his service-connected disability or disabilities. The Board finds the appeal should be remanded for this purpose. 

The Board further finds that on remand, the Veteran should be afforded notice pursuant to the Veterans Claims Assistance Act of 2000 (VCAA) addressing entitlement to SMC based on housebound criteria.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should send the Veteran notice in accordance with 38 U.S.C.A. §5103(a) and 38 C.F.R. § 3.159(b), that includes an explanation as to what information or evidence is needed to substantiate a claim for entitlement to special monthly compensation based on housebound criteria.

2. The AOJ should arrange to have the Veteran scheduled for a VA examination to determine the impact of the service-connected disabilities on his ability to work and whether he is housebound. The paper and electronic claims files must be made available to the individual designated to examine the Veteran.

All tests and studies deemed necessary by the examiner should be performed. The physician should set forth all examination findings, along with complete rationale for the conclusion reached.

(a.) The examiner should render an opinion, consistent with sound medical principles, as to whether, without regard to the impact of nonservice-connected disabilities or the Veteran's age, it is at least as likely as not (i.e., there is a 50 percent or greater probability) that the any one service-connected disability alone serves as the basis of the Veteran's current TDIU rating and precludes him from obtaining and retaining substantially gainful employment consistent with work and education background. 

The examiner should specifically address the service-connected chronic lumbosacral strain in rendering this opinion.

(b.) The examiner should also render an opinion, consistent with sound medical principles, as to whether it is at least as likely as not that the Veteran is permanently housebound by reason of his service-connected disability or disabilities. The examiner should be advised that this requirement is met when the Veteran is substantially confined to his dwelling and the immediate premises (or if institutionalized, to the ward or clinical areas) as a direct result of service-connected disabilities, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his lifetime.

3. The Veteran should be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 
38 C.F.R. §§ 3.158, 3.655 (2014). 

4. After the completion of any action deemed appropriate, the Veteran's claim should be readjudicated. If the benefit sought remains denied, the appellant should be provided a supplemental statement of the case and given the opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).